# Court of Appeals
# of the State of Georgia

ATLANTA,  July 07, 2022

*The Court of Appeals hereby passes the following order:*

**A22D0422.   NIKKI DACHELLE IJEOMA IGBO v. TOCHUKWU EMMANUEL IGBO.**

On March 3, 2022, the trial court granted Tochukwu Emmanuel Igbo's motion for partial summary judgment and found that the parties' prenuptial agreement was valid. On May 4, 2022, the trial court entered an order denying Nikki Dachelle Ijeoma Igbo's motion to disqualify and/or recuse. Thereafter, Nikki filed in this Court an application for discretionary review of the trial court's March 3 order, but her application was dismissed as untimely. See Case No. A22D0395 (May 31, 2022). She has now filed an application for discretionary review of the May 4 order on recusal. Once again, we lack jurisdiction.

As an initial matter, to be timely, a discretionary application must be filed within 30 days of the entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 583 (420 SE2d 393) (1992). This statutory deadline is jurisdictional, and we cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Nikki filed the instant application on June 11, 2022, 38 days after the trial court's May 4 order denying her motion to recuse. Accordingly, this application is untimely to the May 4 order.

Moreover, in her application, Nikki challenges this Court's dismissal of Case No. A22D0395 and the trial court's March 3 ruling on the prenuptial agreement. However, if Nikki believed that this Court "overlooked a material fact in the record . . . which would require a different judgment from that rendered" or "erroneously construed or misapplied a provision of law or a controlling authority" in Case No.

A22D0395, then she should have filed a timely motion for reconsideration from the dismissal of her application in that case. See Court of Appeals Rule 37. She cannot file yet another application raising the same arguments she raised previously. See *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (holding that a party is "not entitled to another bite at the apple by way of a second appeal"); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds.").

For these reasons, this application is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office,*
*Atlanta,* __07/07/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen _____ , *Clerk.*

---

[1] In his response, Tochukwu requests that this Court impose a frivolous appeal penalty on Nikki. This request is not properly before the Court. See Court of Appeals Rule 41 (b).